**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE DIAZ/FRITZ GROUP, INC.
(d/b/a Diaz Fritz Isabel),

      Plaintiff,

v.                                  CASE NO: 8:12-cv-716-T-26EAJ

ZURICH AMERICAN INSURANCE
COMPANY,

      Defendant.

_____/

**O R D E R**

Before the Court is Plaintiff's Motion for More Definite Statement and Alternative

Motion to Strike (Dkt. 16) and Defendant/Counter-Plaintiff's Response (Dkt. 20).

careful consideration of the allegations of the Counterclaim (Dkt. 11), and the applicable

law, the Court concludes that the motion should be denied.

With respect to the two-count Counterclaim[1] concerning insurance coverage for an

August 26, 2009, water intrusion and flooding of University Community Hospital in

Carrollwood (UCH), Plaintiff/Counter-Defendant requests (1) a more definite statement

---

[1]  Count I seeks declaratory relief as to the UCH claim, and Count II seeks declaratory relief as to two pending state court suits involving Hayward Baker, Inc. (HBI), a subcontractor on the job at UCH and the Plaintiff here, The Diaz/Fritz Group, Inc. (DFI), who was the general contractor on the UCH job.

of paragraphs 28, 35, 37 and 38, (2) alternatively, paragraph 38 be stricken, and (3) Count II be separated into two counts to cover two separate state court suits individually.  The Court agrees with Defendant/Counter-Plaintiff that the counterclaim is not so ambiguous or "so vague that it cannot be responded to and the information sought is [not] that which is necessary to frame a proper responsive pleading."  Parks v. Experian Credit Bureau, No. 6:09-cv-1284-Orl-19DAB, 2010 WL 457345, at *2 (M.D. Fla. Feb. 4, 2010) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1377 (3d ed. 2004)).

Paragraph 28 in Count I simply seeks a declaration that there is "no 'property damage' caused by an occurrence[.]" To the extent the facts surrounding what constitutes "property damage" or an "occurrence" or other specific policy terms are uncertain, discovery will provide the appropriate means by which to ascertain them.  See Supermedia, LLC v. W.S. Marketing, Inc., No. 8:11-cv-296-T-33TBM, 2011 WL 3625627, at *2 (M.D. Fla. Aug. 17, 2011) (citing Palma Vista Condo. Ass'n of Hillsborough Co., Inc. v. Nationwide Mut. Fire Ins. Co., No. 8:09-cv-155-T-27EAJ, 2010 WL 2293265, at *2 (M.D. Fla. Jun. 7, 2010)).

Paragraphs 35 and 37 of Count II refers to a lengthy denial of coverage letter which it attaches to the Counterclaim.  The Court finds it is not necessary to specifically list each reason for denial as a separate paragraph of the Counterclaim.  Paragraph 38 of Count II refers to "other state court claims referenced in Exhibits '4,' '5,' '6,' and '7.'"

The Court finds that reference to the attached exhibits, which are pleadings from the two suits, is sufficient, and discovery will provide the means for obtaining further factual specificity.  With respect to the contention that Count II should be separated into two counts, one for each of the state court law suits, the Court, again, finds it unnecessary. Finally, Paragraph 38 need not be stricken as redundant because its addition does not confuse the issues of coverage.  See Petit v. South Fla. Express Bankserv, Inc., No. 6:08-cv-721-Orl-31GJK, 2009 WL 1862300, at *1 (M.D. Fla. Jun. 25, 2009).

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for More Definite Statement and Alternative Motion to Strike (Dkt. 16) is **DENIED.** Plaintiff/Counter-Defendant shall file an answer within ten (10) days from the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on May 25, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record